UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

T.C. MULTIFOODS, INC.,
a Florida corporation;
KENNETH J. CRAMER, an individual;
and ROCHELLE CRAMER, an individual,

    Plaintiffs,

vs.

SIMON PROPERTY GROUP, INC.,
an Indiana corporation,

    Defendant.

_____/

**COMPLAINT FOR BREACH OF CONTRACT, FRAUD, AND THE IMPLIED
COVENANT OF GOOD FAITH AND FAIR DEALING
AND DEMAND FOR JURY TRIAL**

Plaintiffs T.C. Multifoods, Inc., Kenneth J. Cramer, and Rochelle Cramer (hereinafter sometimes, collectively, "the Cramers" or "Plaintiffs") hereby sue Defendant, Simon Property Group, Inc., and allege as follows:

**JURISDICTION/VENUE**

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because this Complaint involves a dispute between citizens of different states, as Plaintiffs

are citizens of Florida and Defendant is a citizen of Indiana[1], and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

2. Venue is proper in this judicial District, pursuant to 28 U.S.C. § 1391(b), because the acts and conduct violating applicable laws, statutes, and rights occurred in this District.

## PARTIES

3. Plaintiff T.C. Multifoods, Inc. (hereinafter sometimes "TCM") is, and at all material times was, a corporation existing under the laws of the State of Florida, with its principal place of business in the State of Florida.

4. Plaintiff Kenneth J. Cramer is, and at all material times was, a resident and citizen of the State of Florida.

5. Plaintiff Rochelle Cramer is, and at all material times was, a resident and citizen of the State of Florida.

6. On information and belief, Simon Property Group, Inc. is, and at all material times was, a corporation existing under the laws of the State of Delaware, with its principal place of business in the State of Indiana.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. In or around 2005 the Cramers answered an advertisement for a Wetzel's Pretzels (hereinafter sometimes "Wetzel's") franchise opportunity at the Treasure Coast Square Mall (hereinafter "Treasure Coast Mall"), located in Jensen Beach, Florida.

8. At the time, the Cramers were both in their late 60s.

---

[1] Pursuant to the United States Supreme Court case of *Hertz Corp. v. Friend*, __ U.S. __, 2010 WL 105601 (2010), a corporation's principal place of business is its "nerve center" for purposes of diversity jurisdiction.

2

9. After meeting with Wetzel's at its headquarters in Pasadena, California, the Cramers advised Wetzel's that they wanted to become Wetzel's franchisees.

10. On information and belief, in or about June 2005, Defendant Simon Property Group, Inc. (hereinafter sometimes "Simon Malls") delivered a proposed lease agreement to Mr. Anthony Parete of Wetzel's, with copies to then-counsel for Plaintiffs.

11. On or about December 30, 2005, Plaintiff TCM entered into a written lease ("Lease") with Defendant Simon Malls. A copy of the Lease is attached as Exhibit "A".

12. Unbeknownst at the time to Plaintiffs, during lease negotiations between Wetzel's and Simon Malls, an executive of Defendant Simon Malls had advised Wetzel's that a pretzel store already existed at the Treasure Coast Mall, that Simon Malls did not want to add a second pretzel store to the Treasure Coast Mall, and that Simon Malls did not believe that there was sufficient business to support two pretzel stores at the Treasure Coast Mall. At that time and up to the current time, an Auntie Anne's Pretzel franchise store was and is also located at the Treasure Coast Mall.

13. Defendant Simon Malls did not inform Plaintiffs or their then-attorney of this communication with Wetzel's.

14. The concealment by Defendant Simon Malls of this material fact was not discovered by Plaintiffs until on or about October 9, 2008. Because Plaintiffs' business was suffering, at or about that date, Plaintiffs had requested rent relief from Defendant Simon Malls. On information and belief, the Simon Malls' executive who had initially advised Wetzel's that Simon Malls did not want a Wetzel's franchise at the Treasure Coast Mall mistakenly sent an email to Plaintiffs that included the following language: "I was adamant when this deal was

negotiated with the President of Wetzel's that I did not want to add a second pretzel operation to this center.  I also let him know that I would not consider rent relief in the future if it didn't work."

15. In addition to the discovery of the above fraudulent omission by Simon Malls, Simon Malls has and continued to breach the Lease, as more fully set forth below.

16. As a legal and proximate result of Defendant's conduct set forth herein, Plaintiffs have and will sustain attorneys' fees and costs in an amount to be determined.

## COUNT I
### (For Breach of Contract)

17. Plaintiffs hereby adopt, incorporate, and reiterate all of the allegations contained in paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Pursuant to the Lease, Defendant Simon Malls agreed to, among other things, do the following things:

- Promote and advertise the Treasure Coast Mall;

- Maintain the common areas of the Treasure Coast Mall, including without limitation the restrooms;

- Maintain the plumbing and drains, particularly in the area of the food court, where Plaintiff TCM operated its store; and

- Provide reasonable security for the Treasure Coast Mall, including without limitation the parking areas.

19. Plaintiff TCM has duly performed all conditions, covenants, and promises required of it under the terms and conditions of the Lease, except for those conditions, covenants, and promises excused by Defendant's actions or failure to act.

20. Commencing in May 2006 and continuing thereafter up to April 2010, Defendant Simon Malls did and continued to breach the terms of the Lease in a number of respects. Among other things, these breaches include the following:

- Failing to adequately promote and advertise the Treasure Coast Mall, including without limitation the failure to provide signage, advertisement, and promotion (including without limitation the failure of Treasure Coast Mall to decorate the Mall for the Christmas season, the most important time of the year for the businesses located at the Mall);

- Failing to maintain the common areas of the Mall. This includes, without limitation, the Mall's failure to repair urinals and doors in the restrooms (which were often in a state of disrepair) and the failure to have operational water fountains;

- Failing to maintain plumbing and drainage in the food court area. This led to the backing up of raw sewage into Plaintiffs' store, as well as a foul odor permeating the food court area; and

- Failing to provide reasonable security. This included the lack of any security cameras in the Mall and the parking lots and the failure to provide for sufficient security staffing and patrolling of common areas in the Mall, including without limitation the food court, and parking lots.

21. As a direct and proximate result of the breaches by Defendant Simon Malls, Plaintiffs have been damaged in amount in excess of $75,000 and not less than $1 million dollars.

## COUNT II
### (Fraud)

22. Plaintiffs hereby adopt, incorporate, and reiterate all of the allegations contained in paragraphs 1 through 16 of this Complaint as if fully set forth herein.

23. At the time the Lease was being negotiated, as more fully set forth herein, a representative of Defendant Simon Malls communicated directly with Wetzel's, but concealed this communication from Plaintiffs. Defendant Simon Malls had advised Wetzel's that it did not desire a second pretzel franchise at the Mall and did not believe there was sufficient business at the Mall to support more than the already-existing pretzel franchise located there. Simon Malls further advised that if Wetzel's nonetheless chose to open a pretzel franchise at the Mall, Simon Malls would not offer rent relief in the event of poor business performance by the Wetzel's pretzel store.

24. This position of Defendant Simon Malls was concealed from Plaintiffs and was discovered for the first time on or about October 9, 2008.

25. The above was a material omission and, had Plaintiffs known the truth, they would not have entered into the Lease and would not have operated a pretzel franchise at the Treasure Coast Mall.

26. Defendant Simon Malls intentionally concealed the above material fact from Plaintiffs.

27. Plaintiffs reasonably relied on Defendant's omissions.

28. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered, and continue to suffer, damages in an amount to be determined.

MALMAN, MALMAN & ROSENTHAL ♦ 3107 STIRLING ROAD ♦ SUITE 101 ♦ FORT LAUDERDALE, FLORIDA 33312-8500 ♦ (954) 322-0065

## COUNT III
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

29. Plaintiffs hereby adopt, incorporate, and reiterate all of the allegations contained in paragraphs 1 through 16, 18 and 20 of this Complaint as if fully set forth herein.

30. Defendant Simon Malls owed Plaintiffs a duty of good faith and fair dealing in the business relationship between the parties and the resulting Lease.

31. Due to the actions of Defendant Simon Malls, Defendant unfairly interfered with the right of Plaintiffs to receive the benefits of their Lease.

32. Plaintiffs have duly performed all conditions, covenants, and promises required of it under the terms and conditions of the Lease, except for those conditions, covenants, and promises excused by Defendant's actions or failure to act.

33. As a direct and proximate result of the breaches by Defendant, Plaintiffs have been damaged in am amount to be determined.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

### AS TO COUNT I

1. For damages against Defendant in an amount to be determined, but not less than One Million ($1,000,000) Dollars;

2. For attorneys' fees; and

3. For pre-judgment interest as available by law.

### AS TO COUNT II

1. For compensatory damages (both special and general damages) against Defendant in amount to be determined, but not less than One Million ($1,000,000) Dollars.

7

### AS TO COUNT III

1. For compensatory damages (both special and general damages) against Defendant in amount to be determined, but not less than One Million ($1,000,000) Dollars.

### AS TO ALL CAUSES OF ACTION

1. For costs of suit incurred herein; and
2. For such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in this action pursuant to Federal Rules of Civil Procedure, Rule 38.

DATED: March 29, 2011

    Respectfully submitted,

    Malman, Malman & Rosenthal
    Attorneys for Plaintiffs
    3107 Stirling Road
    Suite 101
    Fort Lauderdale, Florida 33312-8500
    Tel. 954-322-0065
    Fax. 954-322-0064
    Email: jrosenthal@bellsouth.net

    By:    s/ Jonathan H. Rosenthal
           Jonathan H. Rosenthal
           Florida Bar No. 126764